UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALINA RITCHIE, | ) | Case No. EDCV 12-311 JC |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| Defendant. | ) | |
| ———————————— | ) | |

## I.   SUMMARY

On March 20, 2012, plaintiff Alina Ritchie ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; March 26, 2012 Case Management Order ¶ 5.

///

///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On January 20, 2009 plaintiff filed applications for Supplemental Security

7    Income and Disability Insurance Benefits.  (Administrative Record ("AR") 10,

8    111, 118).  Plaintiff asserted that she became disabled on January 1, 2006, due to

9    depression, fatigue and extreme exhaustion.  (AR 145-46).  The ALJ examined the

10   medical record and heard testimony from plaintiff (who was represented by

11   counsel) on October 1, 2010.  (AR 24-44).

12   On November 5, 2010, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 10-19).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe impairments:  degenerative

15   changes in the lumbar spine, obesity, and mood disorder (AR 12-13);

16   (2) plaintiff's impairments, considered singly or in combination, did not meet or

17   medically equal a listed impairment (AR 13-14); (3) plaintiff retained the residual

18   functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c),

19   416.967(c)) with additional nonexertional limitations[2] (AR 14); (4) plaintiff could

20   not perform her past relevant work (AR 18); (5) there are jobs that exist in

21

22
      ──────────────────────

23   [1]The harmless error rule applies to the review of administrative decisions regarding
     disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196

24   (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social
     Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of

25   application of harmless error standard in social security cases).

26   [2]The ALJ determined that plaintiff:  (1) could lift and/or carry 25 pounds frequently and
     50 pounds frequently [sic.]; (2) stand and/or walk for six hours out of an eight-hour workday; (3)

27   sit for six hours out of an eight-hour workday; and (4) was limited to simple, routine, repetitive

28   tasks in a non-public setting.  (AR 14).

1  significant numbers in the national economy that plaintiff could perform,

2  specifically dishwasher, laundry worker, hand packager, cleaner and housekeeper

3  (AR 18-19); and (6) plaintiff's allegations regarding her limitations were not

4  credible to the extent they were inconsistent with the ALJ's residual functional

5  capacity assessment (AR 15).

6       The Appeals Council denied plaintiff's application for review.  (AR 1).

7  **III.   APPLICABLE LEGAL STANDARDS**

8       **A.   Sequential Evaluation Process**

9       To qualify for disability benefits, a claimant must show that the claimant is

10  unable to engage in any substantial gainful activity by reason of a medically

11  determinable physical or mental impairment which can be expected to result in

12  death or which has lasted or can be expected to last for a continuous period of at

13  least twelve months.  <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (citing

14  42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of

15  performing the work claimant previously performed and incapable of performing

16  any other substantial gainful employment that exists in the national economy.

17  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C.

18  § 423(d)(2)(A)).

19       In assessing whether a claimant is disabled, an ALJ is to follow a five-step

20  sequential evaluation process:

21       (1)   Is the claimant presently engaged in substantial gainful activity?  If

22           so, the claimant is not disabled.  If not, proceed to step two.

23       (2)   Is the claimant's alleged impairment sufficiently severe to limit

24           the claimant's ability to work?  If not, the claimant is not

25           disabled.  If so, proceed to step three.

26       (3)   Does the claimant's impairment, or combination of

27           impairments, meet or equal an impairment listed in 20 C.F.R.

28  ///

Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If
not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to
        perform claimant's past relevant work?  If so, the claimant is
        not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when
        considered with the claimant's age, education, and work
        experience, allow the claimant to adjust to other work that
        exists in significant numbers in the national economy?  If so,
        the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

        The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also
Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."  Richardson v. Perales,
402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

        To determine whether substantial evidence supports a finding, a court must
"'consider the record as a whole, weighing both evidence that supports and

4

1  evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
2  <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
3  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
4  or reversing the ALJ's conclusion, a court may not substitute its judgment for that
5  of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6  **IV.   DISCUSSION**

7      **A.   The ALJ Was Not Required to Obtain Testimony from a**
8         **Vocational Expert at Step Five**

9         **1.   Pertinent Law**

10  At step five of the sequential evaluation process, the Commissioner has the
11  burden to demonstrate that the claimant can perform some other work that exists in
12  "significant numbers" in the national economy, taking into account the claimant's
13  residual functional capacity, age, education, and work experience.  <u>Tackett</u>, 180
14  F.3d at 1100 (citing 20 C.F.R. § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The
15  Commissioner may satisfy this burden, depending upon the circumstances, by the
16  testimony of a vocational expert or by reference to the Medical-Vocational
17  Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly
18  known as "the Grids").  <u>Tackett</u>, 180 F.3d at 1100-01 (citations omitted).

19  When a claimant suffers only exertional (strength-related) limitations, the
20  ALJ must consult the Grids.  <u>Lounsbury v. Barnhart</u>, 468 F.3d 1111, 1115 (9th
21  Cir.), <u>as amended</u> (2006).  When a claimant suffers only non-exertional
22  limitations, the Grids (which are predicated solely on a claimant's exertional
23  limitations) are generally inappropriate and the ALJ must rely on other evidence.[3]

24
25
26     [3]An ALJ is required to seek the assistance of a vocational expert when the non-exertional
limitations are at a sufficient level of severity such as to the make the Grids inapplicable to the
27  particular case.  <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1076 (9th Cir. 2007).  The severity of
limitations at step five that would require use of a vocational expert must be greater than the
28  severity of impairments determined at step two.  <u>Id</u>.

1    Id.  When a claimant suffers from both exertional and nonexertional limitations,

2    the ALJ must first determine whether the Grids mandate a finding of disability

3    with respect to exertional limitations.  See Lounsburry, 468 F.3d at 1116; Cooper

4    v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).  If so, the claimant must be

5    awarded benefits.  Cooper, 880 F.2d at 1155.  If not, and if the claimant suffers

6    from significant and sufficiently severe non-exertional limitations, not accounted

7    for in the Grids, the ALJ must take the testimony of a vocational expert.  Hoopai v.

8    Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

9                    **2.    Analysis**

10        Plaintiff essentially contends that the ALJ's non-disability finding at step

11   five was not supported by substantial evidence because the ALJ relied on the

12   Grids – specifically, 20 C.F.R. Part 404, Subpart P, Appendix 2 Section 203.29

13   ("Section 203.29") – rather than testimony from a vocational expert.  (Plaintiff's

14   Motion at 2-6).  Plaintiff's argument lacks merit.

15        Here, substantial evidence supports the ALJ's finding that plaintiff's non-

16   exertional limitation to simple, routine, repetitive tasks in a non-public setting

17   "[had] little or no effect" on plaintiff's ability to do "unskilled medium work."[4]

18   (AR 15).  As the ALJ noted, treatment records reflect that plaintiff received

19   "routine, conservative, and non-emergency treatment" for her mental impairments.

20   More specifically, although plaintiff had previously been treated for depression,

21   treatment records for the period after plaintiff's alleged onset date reflect only that

22   plaintiff reported "multiple stressors" in mid-2006 but stopped psychiatric

23   treatment in June 2006.  (AR 15-16) (citing Exhibit 3F [AR 220-322]).  In

24   addition, an examining psychiatrist found plaintiff's overall psychiatric limitations

25   to be "none to mild."  (AR 16) (citing Exhibit 7F [AR 345-46]).  The ALJ noted

26   _____

27       [4]Plaintiff does not challenge the ALJ's assessment that she has the residual functional
     capacity to perform the full range of work at the medium exertional level.  (Plaintiff's Motion at
28   2-6).

1   that the state agency reviewing physicians found limitations from plaintiff's

2   mental impairments to range only from non-severe to mild.  (AR 17) (citing

3   Exhibits 8F [AR 349-59], 9F [AR 360-62]; 12F [AR 382-92]; 13F [AR 393-94];

4   18F [AR 432-33]).  The ALJ also noted that a 2009 mental status examination for

5   plaintiff was "fairly normal."  (AR 18) (citing Exhibit 11F at 1 [AR 378]).

6   Although plaintiff argues in a conclusory manner that the non-exertional

7   limitations identified by the ALJ "have significant vocational ramifications"

8   (Plaintiff's Motion at 4), the Court will not second-guess the ALJ's reasonable

9   determination that they do not, even if the medical evidence could give rise to

10  inferences more favorable to plaintiff.  See Rollins v. Massanari, 261 F.3d 853,

11  857 (9th Cir. 2001) (not court's role to second-guess ALJ's reasonable

12  interpretation of the evidence) (citation omitted); cf. Carmickle v. Commissioner,

13  Social Security Administration, 533 F.3d 1155, 1161 n.2 (courts "ordinarily will

14  not consider matters on appeal that are not specifically and distinctly argued in an

15  appellant's opening brief") (citation and internal quotation marks omitted).

16      Since the ALJ essentially concluded that the Grids accurately and

17  completely accounted for all of plaintiff's impairments, the ALJ properly relied on

18  Section 203.29 to find plaintiff not disabled.[5]  See, e.g., Hoopai, 499 F.3d at

19  1076-77 (holding that ALJ properly relied on the Grids where substantial evidence

20  supported the ALJ's conclusion that the claimant's depression was not sufficiently

21  severe to limit the range of work claimant could do); Prather v. Astrue, 2010 WL

22  2102824, *12 (E.D. Cal. May 24, 2010) (rejecting plaintiff's argument that ALJ

23  erred by not consulting vocational expert at step five where ALJ determined that

24  _____

25      [5]Plaintiff correctly notes that at step five the ALJ identified specific representative jobs

26  for plaintiff but did not provide the Dictionary of Occupational Titles ("DOT") codes for such
    jobs.  (Plaintiff's Motion at 5; see AR 19).  To the extent the ALJ erred in this respect, however,

27  any error was harmless since the ALJ was not required to identify specific jobs in this case.  See
    Odle v. Heckler, 707 F.2d 439, 440 (9th Cir.1983) (courts need not identify "specific jobs" when

28  Grids are applied) (citation omitted).

1  plaintiff's non-exertional limitations "had little or no effect on the occupational

2  base of unskilled medium work").

3       Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

4       **B.    The ALJ Properly Evaluated Plaintiff's Credibility**

5       Plaintiff contends that the ALJ inadequately evaluated the credibility of her

6  subjective complaints.[6]  (Plaintiff's Motion at 6-7).  The Court disagrees.

7            **1.    Pertinent Law**

8       Questions of credibility and resolutions of conflicts in the testimony are

9  functions solely of the Commissioner.  Greger v. Barnhart, 464 F.3d 968, 972 (9th

10  Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable

11  and is supported by substantial evidence, it is not the court's role to "second-

12  guess" it.  Rollins, 261 F.3d at 857.

13       An ALJ is not required to believe every allegation of disabling pain or other

14  non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)

15  (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes

16  the existence of a medically determinable impairment that could reasonably give

17  rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as

18  to the credibility of the claimant's statements about the symptoms and their

19  functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Where the

20  record includes objective medical evidence that the claimant suffers from an

21  impairment that could reasonably produce the symptoms of which the claimant

22  complains, an adverse credibility finding must be based on clear and convincing

23  reasons.  Carmickle, 533 F.3d at 1160 (citations omitted).  The only time this

24  standard does not apply is when there is affirmative evidence of malingering.  Id.

25  _____

26       [6]The argument plaintiff provides in support of this claim appears to pertain to an entirely
27  different claimant.  (Plaintiff's Motion at 6-8).  Nonetheless, the Court has evaluated whether the
    ALJ's credibility evaluation in plaintiff's case was supported by substantial evidence and free
28  from material error.

1  The ALJ's credibility findings "must be sufficiently specific to allow a reviewing
2  court to conclude the ALJ rejected the claimant's testimony on permissible
3  grounds and did not arbitrarily discredit the claimant's testimony."  Moisa v.
4  Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

5        To find the claimant not credible, an ALJ must rely either on reasons
6  unrelated to the subjective testimony (e.g., reputation for dishonesty), internal
7  contradictions in the testimony, or conflicts between the claimant's testimony and
8  the claimant's conduct (e.g., daily activities, work record, unexplained or
9  inadequately explained failure to seek treatment or to follow prescribed course of
10  treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at
11  680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's
12  testimony solely because it is not substantiated affirmatively by objective medical
13  evidence, the lack of medical evidence is a factor that the ALJ can consider in his
14  credibility assessment.  Burch, 400 F.3d at 681.

15        **2.    Analysis**

16        First, the ALJ properly discredited plaintiff's subjective complaints due to
17  internal conflicts within plaintiff's own statements and testimony.  See
18  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended
19  (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies
20  either in [plaintiff's] testimony or between his testimony and his conduct"); see
21  also Fair, 885 F.2d at 604 n.5 (ALJ can reject pain testimony based on
22  contradictions in plaintiff's testimony).  As the ALJ noted, plaintiff testified that
23  she received unemployment benefits during her period of alleged disability, which
24  required plaintiff "to repeatedly certify she was ready, willing and able to work."
25  (AR 15) (citing AR 32-33).  The ALJ could properly conclude that such evidence
26  of plaintiff's apparent dishonesty eroded the credibility of plaintiff's other
27  testimony.  See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In
28  assessing the claimant's credibility, the ALJ may use 'ordinary techniques of

1   credibility evaluation,' such as considering the claimant's reputation for
2   truthfulness and any inconsistent statements in her testimony.").

3       Second, the ALJ properly discredited plaintiff's subjective complaints as
4   inconsistent with plaintiff's daily activities.  See Thomas v. Barnhart, 278 F.3d
5   947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and
6   the claimant's conduct supported rejection of the claimant's credibility); Verduzco
7   v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's
8   testimony and actions cited as a clear and convincing reason for rejecting the
9   claimant's testimony).  For example, the ALJ noted that in spite of plaintiff's
10  alleged exertional limitations, plaintiff acknowledged that she maintains a valid
11  driver's license and continues to drive independently.  (AR 15, 41).

12      Third, the ALJ properly discredited plaintiff's subjective complaints as
13  inconsistent with plaintiff's conservative medical treatment.  See Meanel v. Apfel,
14  172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered, as part of
15  credibility evaluation, treating physician's failure to prescribe, and claimant's
16  failure to request, medical treatment commensurate with the "supposedly
17  excruciating" pain alleged, and the "minimal, conservative treatment") (citing
18  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc)); see Fair, 885
19  F.2d at 604 (ALJ permissibly considered discrepancies between the claimant's
20  allegations of "persistent and increasingly severe pain" and the nature and extent
21  of treatment obtained).  For example, as noted above, the medical records reflect
22  that plaintiff received routine, conservative, and non-emergency treatment for her
23  mental impairments, and stopped psychiatric treatment within six months after the
24  alleged onset date (i.e., in June 2006).  (AR 15-16, 220-322).  In addition, as the
25  ALJ noted, although plaintiff testified that she was unable to work due to pain in
26  her back and hips, she also stated that she did not "like" narcotics, and took only
27  over-the-counter pain medication (i.e. Tylenol, aspirin or Advil).  (AR 15, 38-39);
28  see Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider

failure to "seek treatment or to follow a prescribed course of treatment" in assessing credibility).  While an ALJ may not reject symptom testimony where a claimant provides "evidence of a good reason for not taking medication," Smolen, 80 F.3d at 1284 (citations omitted), plaintiff has not presented such a sufficient reason.

Finally, the ALJ properly discredited plaintiff's subjective symptom testimony due, in part, to the absence of supporting objective medical evidence. Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)).  For example, as the ALJ noted, the report of a complete internal medicine evaluation of plaintiff reflected "no significant impairments in the range of motion despite [plaintiffs] subjective complaints of back pain."  (AR 16) (citing Exhibit 4F at 5 [AR 327]).  The ALJ also noted that plaintiff's treatment records do not reflect that in 2010 plaintiff complained of back pain, depression or anxiety, or received "actual treatment for any of [plaintiff's] alleged disabling impairments."  (AR 16) (citing Exhibit 19F [AR 435-71]).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 24, 2012

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE